The question is, can one having an open, mutual and current account with another purchase an open book account which a third person has against that other, and, without notifying him of the purchase, enter it into his *Page 232 
account against him, so that it shall be saved from the effect of the statute, although, if not thus assigned, it would have been barred by the statute when the action was commenced, although not barred when the assignment was made? The cause of action arose in favor of Grant since July 1, 1848, when the Code took effect; that act is, therefore, to govern. It differs but little from the Revised Statutes. (2 R.S., 296, § 23.) It provides that "in an action brought to recover a balance due upon a mutual, open and current account, where there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side." (Code, § 95.)
The statute of 21 James I., ch. 16, limiting actions of account and upon the case to six years after the cause of action accrued, excepted from its operation "such accounts as concern the trade of merchandise between merchant and merchant their factors or servants." (Wilkinson on St. Lim., 162.) It was reënacted, in nearly the same language, in our Revised Laws of 1801 (vol. 1, p. 562), and of 1813 (vol. 1, p. 186). The revisors adopted the language used by them with a view to conform to the law as it was under the decisions then made (3 R.S.,App., 703, § 51, 2 ed.); and they refer, among other cases, toRamchander v. Hammond, 2 J.R., 200, where it was held that the statute of limitations was a bar to an action on a promissory note, although, by the admissions on the pleadings, the action concerned the trade of merchandise between merchant and merchant, as there were no open and running accounts between the plaintiff and defendant within the six years. The court, there speaking of the exception to the statute, say, "it must be a direct concern of trade: liquidated demands or bills and notes, which are only traced up to the trade of merchandise, are too remote to come within this description." This held, that although the original account was such that it would not be affected by the statute, yet if it was liquidated, or a *Page 233 
note given for the balance, it was barred. The plaintiff then could not, by entering the note in the account current, save it; and when a note was given for part or the whole of the indebtedness, that part ceased to be any rightful part of the open, current account. Thus the case indirectly holds that a promissory note cannot form part of the mutual, open and current account intended to be protected by the statute, nor, by analogy, could a bill of exchange or a mortgage or a bond; they are not proper parts of such an account. What items may form parts of such an account may be inferred from the language of the former statutes, as enlarged by the decisions upon them; they are such accounts as concern the trade of merchandise between merchant and merchant, or such as are of the like character, and between persons dealing together, although not merchants. They may therefore include charges for goods sold, services rendered, money advanced, as in the way of trade or business, for these all enter into the accounts of business men, as parts of their business, trade or merchandising. But they would not include matters out of the trade or profession of either party, as money lent on bond or mortgage, or due on the purchase of real estate, unless the debtor by some act of his adopted them as part of such an account. The reason is, that those items are not understood as forming parts of an account current, but as distinct transactions, out of the regular line of business, and to be settled by themselves. The items of an account current, as thus allowable, include only dealings between the two parties — the liability for which one party contracts directly with the other. Then if each keeps an account as he ought, each knows at all times the state of the account, and the balance which he or the other party owes; and with this knowledge it may fairly be inferred that the debtor party, at each new purchase or sale, consents to pay the balance, and thus the exception in the law is perfectly just. But no such inference can be drawn if one party is allowed, on purchasing *Page 234 
a claim against the other, to introduce it into the account without the knowledge of the other. How, under such circumstances, can it be inferred that he promised to pay a balance resulting from an item entirely unknown to him, and which he supposes he owes to another, and as to which he may claim that he has some offset against that other? And how could it be just to make the exception in the statute in such a case? The words of the Code also indicate that the exception only applies to those matters which are the proper subjects of a current account, and where the action is for the balance on such an account; they are, "the balance due upon a mutual, open and current account;" that is, only such an account as both parties might have kept, and which, if kept correctly, would be the same with both, and consequently would contain nothing which both did not know in the course of business. The other terms, also, where there have been reciprocal demands between the parties, limit the exception to cases where the demands originated between those parties or were recognized by both; without this they could not be reciprocal.
It has been argued that, in reciprocal accounts, the intention of the law was to compensate or immediately set off one account against the other, and that thus it was just that the law should provide, as it does, that the limitation should run only from the last item of account. This may be so; but to retain the justice which it claims, it must be confined to cases where the items are between the same parties, known to both, and originating between them or adopted by them as part of their mutual account.
The judgment should be reversed without costs of appeal, and a new trial be granted.
Judgment accordingly *Page 235